UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RYAN LANCE MOORE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:22-cv-1253-AMM |
| | ) |
| **CITY OF HOOVER,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This case is before the court on a motion for summary judgment filed by the City of Hoover ("Hoover"). Doc. 22. For the reasons explained below, that motion is **GRANTED**.

I.     BACKGROUND

"On September 3, 2020, Plaintiff Ryan Moore pulled his vehicle into the driveway of" a home in Jefferson County, Alabama. Doc. 23 at 2; *see* Doc. 21-1 at 9, Dep. 27:6–21. Mr. Moore "got out of his vehicle, rang the doorbell, and asked the homeowner if she would move her vehicle so he could get out of her driveway." Doc. 23 at 2 (citing Doc. 1-2 ¶¶ 9–10). Mr. Moore said "he didn't feel comfortable backing out because it was a busy road and because of some construction material close to where he pulled in." *Id.* (citing Doc. 21-1 at 9, Dep. 26:6–29:20).

The homeowner asked Mr. Moore why he could not back out of the driveway, and Mr. Moore said that he "couldn't get [his] Tahoe in reverse, which wasn't true." Doc. 21-1 at 9, Dep. 28:20–23. "The homeowner told [Mr. Moore] to hold on and [Mr. Moore] began pacing." Doc. 23 at 2–3 (citing Doc. 21-1 at 9, Dep. 29:5–12). Mr. Moore alleges that this pacing was "an obvious sign of mental distress." Doc. 29 at 4.

"The homeowner's husband was watching [Mr. Moore] on a doorbell camera and [he] called 911 to alert them of the situation . . . ." Doc. 23 at 3 (citing Doc. 1-2 ¶ 11). "Two Hoover police officers were dispatched to the scene for assistance until a Jefferson County Sheriff's Deputy could arrive, because the home's location was in Jefferson County and not the City of Hoover." *Id.* (citing Doc. 21-3 ¶ 3). "While the Hoover officers spoke with Mr. Moore, he was acting nervous and fidgety." *Id.* at 3–4 (citing Doc. 21-3 ¶ 5).

Because the Hoover officers "were concerned about Mr. Moore's intentions," they handcuffed and detained him in the backseat of their police vehicle at approximately 11:40 a.m. Doc. 21-3 ¶ 6. Mr. Moore "complained that his handcuffs were too tight." Doc. 23 at 4 (citing Doc. 21-1 at 10, Dep. 32:2–9). According to Mr. Moore, one of the officers told him that he "double-checked the security of the handcuffs, and [Mr. Moore] ha[d] plenty of room." Doc. 21-1 at 10, Dep. 32:9–11.

2

Mr. Moore alleges that he also "told the officers he had severe anxiety, OCD and back pain." Doc. 29 at 4 (citing Doc. 1-2 ¶ 13) (cleaned up).

A "Jefferson County Sheriff's Deputy arrived at approximately 11:58 a.m. and released [Mr. Moore] from detainment at approximately 12:14 p.m." Doc. 23 at 4 (citing Doc. 21-3 ¶ 7). Mr. Moore was not charged or ticketed, and he backed his vehicle out of the driveway and left the home. *Id.* (citing Doc. 21-3 ¶ 7; Doc. 21-1 at 13, Dep. 43:12–16). According to Mr. Moore, a "mental health officer was never called to the scene[,] which is required by Alabama law." Doc. 29 at 4; *see* Doc. 1-2 ¶¶ 21–22.

On August 24, 2022, Mr. Moore filed a complaint in the Jefferson County Circuit Court against Hoover and Officer John Does A and B. Doc. 1-2 at 3. He asserted state-law claims of negligence, assault, battery, and false imprisonment, as well as constitutional rights violations under 42 U.S.C. Section 1983. *Id.* ¶¶ 25–50. Hoover timely removed the case to federal court. Doc. 1 at 1. Mr. Moore never amended his complaint to substitute named parties for the fictitious defendants.

Hoover filed a motion for summary judgment, Doc. 22, along with supporting evidentiary material, Doc. 21, and a supporting brief, Doc. 23. Mr. Moore filed a response. Doc. 29. Hoover replied. Doc. 31.

## II. LEGAL STANDARD

A party moving for summary judgment must establish "that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it could "affect the outcome" of the case. *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1303 (11th Cir. 2016) (cleaned up). A material fact is in "genuine" dispute if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (cleaned up). In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "[T]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (cleaned up).

## III. ANALYSIS

Hoover contends that it is entitled to summary judgment and the fictitious defendants are entitled to dismissal on all of Mr. Moore's claims. *See* Doc. 23 at 1.

### A. Mr. Moore's Claims Against Hoover

#### 1. Section 1983

Mr. Moore asserted a Section 1983 claim against Hoover under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). "The

Supreme Court has placed strict limitations on municipal liability under § 1983 [and a] county's liability under § 1983 may not be based on the doctrine of respondeat superior." *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc). "[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). The policy or custom must be "the moving force behind the constitutional violation." *Grech*, 335 F.3d at 1330 (cleaned up).

In his complaint, Mr. Moore asserted that Hoover "had a custom and practice that constituted a deliberate indifference to [his] constitutional rights." Doc. 1-2 ¶ 38. He contends that Hoover's "failure to adopt [an] appropriate treatment of mentally ill individuals involved in police encounters amount[ed] to deliberate indifference under [Section] 1983 as discussed in *Monell*." *Id.* ¶ 39. He alleged that "policymakers subjectively knew that their customs and practices in failing to discipline and/or educate [on] previous officers['] use of unconstitutional and excessive force would result in more instances of excessive force, serious injury, harm, and/or death." *Id.* ¶ 40. Mr. Moore further alleged that "[n]evertheless, they disregarded the risk to those like [Mr.] Moore who encounter Hoover Police officers and in so doing they acted with more than gross negligence." *Id.*

Hoover argues that Mr. Moore's claim fails because "there [is] neither a plausible allegation nor any evidence of a policy or custom that was the moving force behind the alleged constitutional violation." Doc. 23 at 5 (emphasis omitted). Mr. Moore responds that Hoover violated state law, the constitutional violation was "clear," and that Hoover failed to train its officers on how to deal with citizens who have a mental illness. Doc. 29 at 6–9. Hoover replies that Mr. Moore's complaint does not allege any violation of state law, and that he "presented no evidence to show any genuine issue of material fact" on his Section 1983 claim. Doc. 31 at 1–2, 4 (emphasis omitted).

Mr. Moore's Section 1983 claim fails because it relies on conclusory allegations about Hoover's customs and practices. *See* Doc. 1-2 ¶¶ 36–41. Conclusory allegations do not state a claim. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–81 (2009); *Holland v. Carnival Corp.*, 50 F.4th 1088, 1093 (11th Cir. 2022); *accord, e.g.*, *McCroden v. Cnty. of Volusia*, No. 6:14-CV-1139-ORL-18KRS, 2014 WL 12650685, at *2 (M.D. Fla. Sept. 18, 2014).

In addition, Mr. Moore has not developed any evidence to support his conclusory allegations. *See* Doc. 29 at 6–11. Because Mr. Moore failed to develop any evidence, he cannot establish a genuine issue of material fact about the required elements of his claim, and Hoover is entitled to summary judgment. *Accord, e.g.*, *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) ("For factual issues to be

6

considered genuine, they must have a real basis in the record. . . . [M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion.") (cleaned up).

Mr. Moore opposes summary judgment on the ground that "[t]his case hinges on the theory that a mandatory state law was willfully ignored and that Hoover failed to adequately train its officers on that law." Doc. 29 at 6. But "[c]ourts in our Circuit . . . routinely exclude evidence—and refuse to consider arguments—that weren't included in a party's pleadings." *Williams v. Mallet*, No. 21-22222-CIV, 2023 WL 8769726, at *10 (S.D. Fla. Dec. 19, 2023) (citing *Wu v. Thomas*, 996 F.2d 271, 275 (11th Cir. 1993)). Even if Mr. Moore had properly included the allegation in his complaint, Mr. Moore did not produce any evidence concerning Hoover's training of its police officers, including evidence related to the training of police officers on the relevant mental-health statute that he cites.[1] *See* Doc. 29 at 9–10.

Mr. Moore also argues, without citing any evidence, that Hoover violated his constitutional rights because "it was unreasonable to use any force when [he] was not doing anything that warranted an arrest." *Id.* at 7. Mr. Moore was detained for thirty-four minutes, and Hoover states that he was handcuffed for eighteen of those

---

[1] "When a law enforcement officer is confronted by circumstances that give the law enforcement officer reasonable cause for believing that an individual within the county has a mental illness and that the individual is likely to pose a real and present threat of substantial harm to self or others, the law enforcement officer shall contact a community mental health officer." Ala. Code § 22-52-91(a)(1).

7

minutes. Doc. 31 at 7; *see* Doc. 21-3 ¶¶ 6–7. Mr. Moore testified that the handcuffing was painful. *See* Doc. 21-1 at 10, Dep. 32:12–13. But the Eleventh Circuit has held that "[p]ainful handcuffing, without more, is not excessive force in cases where the resulting injuries are minimal." *Rodriguez v. Farrell*, 280 F.3d 1341, 1351 (11th Cir. 2002). Because Mr. Moore did not produce any evidence that he was injured by the handcuffing, his excessive force claim fails on summary judgment.

Mr. Moore also argues that "Hoover failed to train its officers on how to deal with citizens / detainees that have a mental illness" and "[l]iability may also arise from the absence of a policy." Doc. 29 at 9 (cleaned up) (citing *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991)). Mr. Moore says that "[t]he Supreme Court has held that one incident, in certain circumstances, would be enough to establish municipal liability." *Id.* at 6 (citing *Pembaur v. Cty. of Cincinnati*, 475 U.S. 469, 482–83 (1986)). In any event, Mr. Moore contends that Hoover "has faced similar allegations of treating behavioral problems as criminal activity before against its officers working at city schools." *Id.* at 10 (citing *Avery v. City of Hoover*, No. 2:13-CV-00826-MHH, 2015 WL 4411765, at *3 (N.D. Ala. July 17, 2015)).

"A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (cleaned up). And "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers

can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.*

Mr. Moore does not direct the court to any evidence that Hoover's training was deficient, nor any evidence that would put Hoover on notice that its training of police officers was deficient. Without any evidence to back up his conclusory allegations, his claim fails on summary judgment.

Therefore, Hoover's motion for summary judgment on Mr. Moore's Section 1983 claim is **GRANTED**.

### 2. State-Law Claims

Mr. Moore also asserts state-law claims of negligence, assault, battery, and false imprisonment against Hoover. Hoover argues that these claims are barred because Mr. Moore did not provide the required notice and sworn statement. Doc. 23 at 11. Under Alabama law,

> [a]ll claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. *Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred.*

Ala. Code § 11-47-23 (emphasis added).

Alabama law also requires that "a sworn statement be filed with the clerk by the party injured or his personal representative in case of his death stating substantially the manner in which the injury was received, the day and time and the

9

place where the accident occurred and the damages claimed" to recover against a municipality for a personal-injury claim. Ala. Code § 11-47-192. According to Hoover, Mr. Moore did not fulfill either of these two requirements, and thus his claims are barred. Mr. Moore did not respond to that argument.

Alabama law forecloses Mr. Moore's claims. Undisputed evidence establishes that the incident occurred on September 3, 2020. Hoover "never received a notice of claim from [Mr. Moore]." Doc. 23 at 12 (citing Doc. 21-6 ¶ 2). When similarly situated plaintiffs have failed to provide the required notice to municipalities, Alabama appellate courts have upheld dismissal or summary judgment in favor of the municipality. *See, e.g.*, *Etherton v. City of Homewood*, 741 So. 2d 1078, 1083 (Ala. 1999); *Poe v. Grove Hill Mem'l Hosp. Bd.*, 441 So. 2d 861, 864 (Ala. 1983); *Locker v. City of St. Florian*, 989, So. 2d 546, 550 (Ala. Civ. App. 2008).

Because Mr. Moore's tort claims against Hoover are barred by Alabama law, Hoover's motion for summary judgment against those claims is **GRANTED**.

### B. Mr. Moore's Claims Against the Fictitious Defendants

Mr. Moore also asserts a Section 1983 claim as well as state-law claims of negligence, assault, battery, and false imprisonment against fictious defendants. "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). The Eleventh Circuit

has "created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage." *Id.* (cleaned up).

Mr. Moore filed suit on August 24, 2022 and Hoover was the only named defendant. Doc. 1-2 at 3. Mr. Moore "included a provision for Fictitious Parties A-B, 'the Officer Defendants "John Does" or "Officer A" and "Officer B" who falsely imprisoned Moore and engaged in excessive force, and/or assault and battery against Moore.'" Doc. 23 at 13–14 (quoting Doc. 1-2 ¶ 4). Hoover argues that although Mr. Moore might not have known the identity of the arresting officers at the time he filed his complaint, he would have known "their identities by November 3, 2022 – when Hoover filed [its] initial disclosures." *Id.* at 14 (citing Doc. 21-7). The initial disclosures "specifically named the officers who detained [Mr. Moore] on September 3, 2020, and described their involvement." *Id.* But Mr. Moore "never attempted to substitute these officers as named defendants." *Id.* According to Hoover, Alabama's two-year statute of limitation for personal injury actions forecloses any possibility of amendment. *See* Ala. Code § 6-2-38(l); Doc. 23 at 15–16.

Mr. Moore "concede[s] the premise that [he] did not formally identify or amend the complaint regarding the fictitious parties." Doc. 29 at 12. He offers no other argument on that point except that dismissal of the fictitious parties does not automatically lead to the dismissal of Hoover. *See id.*

Because Section 1983 claims are governed by the relevant state's statute of limitations for personal injury actions, *Owens v. Okure*, 488 U.S. 235, 249–50 (1989), all of Mr. Moore's claims—under both federal and state law—have a two-year limitations period. *See* Ala. Code § 6-2-38(l). Allowing amendment at this stage would be futile because all of Mr. Moore's claims would be barred by the statute of limitations.

Therefore, all of Mr. Moore's claims against the fictitious parties are **DISMISSED**.

## IV. CONCLUSION

Hoover's motion for summary judgment is **GRANTED**. The Clerk of Court is **DIRECTED** to close the case.

**DONE** and **ORDERED** this 6th day of March, 2024.



_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE